**FILED**

**FEBRUARY 29, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL HAFFNER, as Trustee of the )
CHAUFFEURS, TEAMSTERS & HELPERS )
LOCAL UNION NO. 301 HEALTH & )
WELFARE FUND and as Trustee of the )   Case No.
CHAUFFEURS, TEAMSTERS & HELPERS )
LOCAL UNION NO. 301 PENSION FUND, )
)
        Plaintiff, )
)
    v. )
)
GREGORY TRUCKING, INC., )
)
        Defendant. )

**08 C 1246**

**JUDGE LINDBERG**
**MAGISTRATE JUDGE VALDEZ**

## COMPLAINT

1.    This is an action pursuant to Section 502(a)(3) of the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3) to collect delinquent employee

benefit fund contributions.

*Parties*

2.    The Chauffeurs, Teamsters & Helpers Local Union No. 301 Health & Welfare

Fund ("Health & Welfare Fund") and the Chauffeurs, Teamsters & Helpers Local Union No. 301

Pension Fund ("Pension Fund"), referred to collectively as the "Funds," are employee benefit

trusts and plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

3.    Plaintiff Michael Haffner is a fiduciary and trustee of the Health & Welfare Fund

and of the Pension Fund as well.  Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides

that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce

the obligations which ERISA imposes upon employers.

4.    Defendant Gregory Trucking, Inc. ("Gregory Trucking") is an Illinois corporation

conducting business within this judicial district.  Gregory Trucking also is an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

### Jurisdiction and Venue

5.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

6.      Venue in this Court is conferred by 29 U.S.C. § 1132(e)(2), as this judicial district is where the Funds are administered and where the events underlying this complaint occurred.

### Specific Allegations

7.      Gregory Trucking and Teamsters Local 301 are parties to a collective bargaining agreement effective May 1, 2001 ("Agreement").  A copy of the Agreement is attached hereto as Exhibit 1.

8.      The Agreement obligates Gregory Trucking to make timely contributions to the Funds on behalf of individuals performing work covered by the Agreement.  In the event that a payment is delinquent to either or both of the Funds, the Agreement provides that Gregory Trucking shall be obligated to pay liquidated damages equal to ten percent of the delinquent amount as well as attorney fees and court costs.

9.      Although individuals did engage in covered work on Gregory Trucking's behalf during the months of September 2006 through November 2006, and for the months June 2007 through October 2007, Gregory Trucking has failed to pay all contributions owed to the Pension Fund for those months and owes the Pension Fund $5,328.75 for those months.

10.      Although individuals did engage in covered work on Gregory Trucking's behalf for the months September 2006 through November 2006 and for the months July 2007 through October 2007, Gregory Trucking has failed to pay all contributions owed to the Health and Welfare Fund for those months and owes the Health and Welfare Fund $5492.00 for those

months.

11.    Pursuant to the Agreement, Gregory Trucking is obligated to make available to the Funds payroll and other employment records necessary to determine that the correct amount of contributions required under the Agreement has been paid.

12.    Pursuant to the Agreement, the Funds' trust agreements (incorporated by reference in the Agreement), and 29 U.S.C. §1132(g)(2), the Funds are entitled to the unpaid contributions as well as liquidated damages in the amount of $1,326.08 and interest for the months specified in paragraphs 9 and 10 above.

13.    Pursuant to the Funds' trust agreements and 29 U.S.C. §1132(g)(2)(C), the Funds are also entitled to recover their attorneys' fees and costs due to Gregory Trucking's failure to pay the contributions due and owing the Funds.

WHEREFORE, Plaintiff requests that the Court issue an order against Defendant Gregory Trucking granting the following relief:

A.  a judgment on behalf of the Health & Welfare Fund for the delinquent contributions of $5,492.00 and liquidated damages of $793.20 owed pursuant to the Agreement and trust agreements for the period of time from months September 2006 through November 2006 and for the months July 2007 through October 2007 and for such amounts as become due during the pendency of this proceeding;

B.  a judgment on behalf of the Pension Fund for the delinquent contributions of $5,328.75 and liquidated damages of $532.88 owed pursuant to the Agreement and trust agreements for the months of September 2006 through November 2006 and for the months of June 2007 through October 2007 and for such amounts as become due during the pendency of this proceeding;

C.  a judgment on behalf of Plaintiff finding Gregory Trucking liable for interest on the

   delinquent contributions pursuant to 29 U.S.C. Section 1132 (g)(2)(B);

D.  a judgment on behalf of Plaintiff for reasonable attorneys' fees and costs incurred by the

   Funds in bringing this action;

E.  such other and further relief as by the Court may be deemed just and equitable.

                                    Respectfully submitted,


                                    s/Martin P. Barr
                                    Martin P. Barr


                                    s/William A. Widmer, III
                                    Attorneys for Plaintiffs

CARMELL CHARONE WIDMER
   MOSS & BARR
230 West Monroe, Suite 1900
Chicago, Illinois 60606
(312) 236-8033

Dated: February 29, 2008